DOROTHY BROTHERS, Respondent, v. THOMAS G. SANCHEZ et al., Appellants.— These are separate appeals by the defendants from a judgment rendered against them in a negligence action, after a trial by jury in the Supreme Court, Albany County; and from the order denying their respective motions to dismiss the complaint or for a new trial. The accident happened at the intersection of Partridge Street and Washington Avenue in the city of Albany. Partridge Street runs north and south, and Washington Avenue in an easterly and westerly direction. There was a traffic light in operation at the intersection. Washington Avenue is some fifty-five to sixty feet in width, and has six concrete panels for traffic; Partridge Street is from twenty to twenty-five feet in width. The defendant Sanchez was driving his car east on Washington Avenue, and the defendant Burke was proceeding north in his car on Partridge Street. The two vehicles collided in the intersection and the Sanchez car was propelled against plaintiff as she was walking north across Washington Avenue from the southeast corner of the intersection, causing her severe personal injuries. The jury could find that the traffic light was in favor of plaintiff when she entered the intersection, and also in favor of the Burke car. Defendant

Sanchez argues in this court, as his sole point, that plaintiff was guilty of contributory negligence as a matter of law because she admitted she saw the Sanchez car approaching at a high rate of speed with no apparent slackening, and despite this she persisted in attempting to cross the intersection. In view of all the factors presented, including the width of Washington Avenue, the fact the light was with her, and all the elements of timing and judgment involved, the issue of her possible contributory negligence was clearly a jury question. The defendant Burke argues first that plaintiff was guilty of contributory negligence as a matter of law; but if this is not found then he should be relieved of the charge of negligence because the traffic light was also in his favor as he entered the intersection. Otherwise, he contends a verdict for the plaintiff against him is inconsistent. The jury was not required to view his conduct as the driver of a motor vehicle in precisely the same manner it viewed the conduct of plaintiff as a pedestrian. For one thing she could see and her attempted crossing under the circumstances was a matter of judgment. Although Burke's view to the west, from whence the Sanchez car was approaching on Washington Avenue, was obstructed, he did not slacken his speed as he approached and entered the intersection. He did not see the Sanchez car until his own car was in the intersection, and this fact alone is some evidence that he did not exercise reasonable care under the circumstances. The traffic light did not give him an absolute right of way, and he was obliged to enter the intersection with fair care and caution. (*Shea* v. *Judson*, 283 N. Y. 393.) Judgment and order affirmed, with costs. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.